Mr. Justice Clayton
delivered the opinion of the court.
Taylor & Tarpley were partners in the practice of the law, and during that time the plaintiff in error sent several claims to them for collection. On the dissolution of the partnership, these claims all passed into the hands of the defendant in error, who individually gave his attention to them, and rendered all the services in regard to them. The account was made out in his name individually, and the suit was brought in the same way. Taylor does not appear to claim any interest in the matter. The existence of the partnership, at the time the claims were sent for collection, is fully shown, as well as its dissolution before the services were rendered. A verdict was found for the plaintiff.
*512 The plea was the general issue. Only one exception was taken during the trial, which was to the exclusion of a deposition. No charge was asked or given. A new trial was moved for, which was refused, and a bill of exceptions then also taken.
To question the character in which the party sued, a plea should have been filed under oath. H. & H. 595. If a firm should sue for an individual claim, that would clearly be the rule, and on principle it must be the same, when an individual sues for an alleged partnership claim. So if an executor sue in his individual capacity for a claim due to his testator.
The verdict is correct also in another point of view. The right of the plaintiff to compensation rested not upon the reception of the claims for collection, but in services rendered in effecting that object. If these services were rendered by Tarpley alone, if the claims remained in his hands after the dissolution, with the consent of Taylor, the jury might fairly infer from the testimony, that it was a part of the contract of dissolution, that Tarpley should attend to these claims, and receive the compensation for so doing.
An exception was taken during the trial to the exclusion of the deposition of J. M. Dyer; there have been no objections pointed out to it, and upon examination we do not discover any. For this reason the judgment must be reversed. The payment established by the deposition rejected is'fifty dollars on the 20th December, 1839. The defendant in error now offers to remit here that sum with the interest. Upon his doing so, this court will render a judgment for the balance, that being the amount for which the judgment below should have been rendered. The interest upon the amount paid to be computed till the rendition of the verdict in the court below. H. & H. 618.
Judgment reversed.